Slip Op. 10-29

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORMER EMPLOYEES OF GENSYM CORP., | |
| Plaintiff, | |
| v. | Before: Pogue, Judge |
| UNITED STATES SECRETARY OF LABOR, | Court No. 09-00240 |
| Defendant. | |

**<u>JUDGMENT</u>**

On June 18, 2009, Plaintiffs filed this action against Defendant, challenging Defendant's determination that Plaintiffs were not eligible for certification for both trade adjustment assistance ("TAA") and alternative trade adjustment assistance ("ATAA"). <u>Notice of Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance and Alternative Trade Adjustment Assistance</u>, 74 Fed. Reg. 9,281, 9,283 (Dep't of Labor Mar. 3, 2009); <u>Gensym Corporation, a Subsidiary of Versata Enterprises, Inc., Burlington, MA</u>, 74 Fed. Reg. 19,997 (Dep't of Labor Apr. 30, 2009) (notice of negative determination on reconsideration). In its original determination and on reconsideration, Defendant denied certification because Plaintiffs did not produce an article within the meaning of Section 222(a)(2)(B) of the Trade Act of 1974, 19 U.S.C. § 2272(a)(2)(B). 74 Fed. Reg. at 19,997.

The parties moved on August 24 for a voluntary remand, which the court granted, and, on January 5, 2010, Defendant issued its revised determination. <u>Gensym Corporation, a Subsidiary of Versata Enterprises, Inc.; Burlington, MA</u>, 75 Fed. Reg. 454 (Dep't of Labor Jan. 5, 2010) (notice of revised determination on remand). In its revised determination, Defendant found that, after further investigation, "the criteria set forth in Section 222(a)(2)(B) has [sic] been satisfied." Accordingly, Defendant certified that Plaintiffs "are eligible to apply for [TAA] under Section 223 of the Trade Act of 1974, and are eligible to apply for [ATAA] under Section 246 of the Trade Act of 1974." 75 Fed. Reg. at 455. Plaintiffs have not challenged this revised determination.

Now therefore, after due deliberation, it is hereby

ORDERED, ADJUDGED AND DECREED that Defendant's foregoing certification, as set forth in its Notice of Revised Determination on Remand, be, and it hereby is, affirmed.

                                        /s/ Donald C. Pogue
                                        Donald C. Pogue, Judge

Dated:     March 22, 2010
           New York, New York